384 A.2d 1288

**COMMONWEALTH of Pennsylvania**

v.

**Robert Allyn JOY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided April 13, 1978.

---

Michael J. Wherry, Grove City, for appellant.

Samuel J. Orr, IV, District Attorney, Greenville, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred (1) in instructing the jury that, for purposes of the offense of theft by deception, the jury could consider the respective ages, business experience, and mental capacity of the parties to a transaction in determining whether one party intentionally deceived the other, and (2) in considering, at the time of sentencing, appellant's 1950 adjudication as a youthful offender under New York's Youth Conduct Act. We find no error in the lower court's instruction to the jury and, accordingly, we affirm the judgment of sentence.[1]

The facts giving rise to the instant appeal are as follows. The complainant, a 78 year old woman, lived alone in a frame house in Greenville, Mercer County, Pennsylvania. She had previously lived with her now deceased sister. On May 20, 1976, at 3:00 p.m., three men in a truck drove up to the complainant's residence, asked her if her house needed any repair work, and indicated that her porch was in need of repair. Appellant, one of the three men, and the complainant agreed to have the porch repaired for $1800.00. The complainant gave appellant a check for $878.00, with the parties agreeing that $800.00 was for the cost of paint and $78.00 was for tax. Twelve gallons of paint were later placed on the complainant's porch. The following day, four men, including appellant, returned to the complainant's residence and began to tear up her porch. The men told the complainant that the cost of materials to repair the porch would be $1000.00. The complainant then gave the men a check for $1000.00.[2] That evening, appellant returned to the house, went into the basement, and informed the complain-

1. The record demonstrates that the sentencing court specifically stated that it would not consider appellant's adjudication as a youthful offender under New York's Youth Conduct Act. Consequently, we find appellant's second contention to be without merit and we do not consider it.

2. The complainant's friend subsequently repaired the porch for $20.00.

ant that gas was leaking. When the complainant went downstairs to the basement, she saw that the pipe leading from the furnace to the chimney was ablaze and she became frightened. Appellant told the complainant that her chimney required re-lining and that the repair would cost $1800.00. The complainant agreed to pay appellant $1200.00 but said that she had no money at home. Appellant then drove her to the bank where she obtained a check for $1200.00 and gave it to appellant. Appellant cashed the check immediately at the same bank and agreed to return the following morning to repair the chimney. The following day, May 22, 1973, the complainant called a local furnace repairman to examine the pipe. The repairman inspected the furnace pipe and chimney and found no leaks or other problems. The repairman had serviced the same furnace about two years earlier and, consequently, was familiar with its operation. In the repairman's opinion, neither the chimney nor the furnace pipe required any work. When the repairman left, the complainant called the Greenville Police Department. Neither appellant nor any of the men accompanying him ever returned to the complainant's home.

On August 11, 1976, a jury in the Court of Common Pleas of Mercer County convicted appellant of three counts of theft by deception [3] and three counts of criminal conspiracy in connection with defrauding the complainant of $3000.00 for various home improvements. After denying appellant's written post-verdict motions, the court sentenced appellant to not less than two and one-half years and not more than five years for the offense of theft by deception concerning the repair of the porch. The court imposed the same sentence for the offense of theft by deception concerning the painting of the house, to run consecutively with the sentence imposed regarding the repair of the porch. The court suspended sentence concerning repair of the furnace and for the offense of conspiracy. This appeal followed.

3. The Act of December 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973; 18 Pa.C.S. § 3922.

Appellant contends that after defining theft by deception,[4] the lower court erroneously instructed the jury that it could consider all the surrounding circumstances in determining whether appellant committed the offense of theft by deception. Specifically, the court instructed the jury as follows:

"Now, in doing that, you would want to consider the respective age and background and experience of the people who are involved. If you have one hard-headed businessman dealing with another hard-headed businessman, you may well have a set of facts that is entirely different than if you take one person at middle age with allegedly 15 years experience as opposed to a 78 year old woman who did not handle the affairs in her home up to the time of the death of her sister . . . . So, you look at the respective age and experience and mental capacity of the two people who are dealing with each other based on what the defendant would know from his observations in talking with the woman. You then look at what was said by the defendant. You look at the deal that was struck as to whether or not the deal looked to you that there was in fact an intent to deceive her as to the value of the deal, of the intention of the defendant as to whether he was going to carry out the deal or not carry out the deal." At the conclusion of the charge to the jury, appellant excepted to that portion of the charge which instructed the jury that it could consider the relative age, business experience, and background of the parties in determining whether appellant had committed the offense of theft by deception. Specifically, appellant maintains that the jury may only consider the surrounding circumstances when the parties stand in a fiduciary relationship.

According to appellant, if the complainant and the accused do not stand in a fiduciary relationship, the fact that a reasonable person would not be deceived by the accused's representations constitutes a defense to the charge of theft

4. The court correctly instructed the jury that it could not infer theft by deception solely from appellant's failure to perform a promise. See *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977).

by deception under § 3922(a). Accordingly, appellant contends that a charge which instructs the jury to consider the surrounding circumstances in a particular case and does not permit a reasonable person charge is erroneous. We find no merit to appellant's contention.

Although there is no case law on the issue of whether failure to deceive a reasonable person constitutes a defense to § 3922(a), an examination of the statute demonstrates no such defense. Section 3922(a) provides as follows:

"(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

"(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

"(2) prevents another from acquiring information which would affect his judgment of a transaction; or

"(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship."

See also *Commonwealth v. Gallo,* 473 Pa. 186, 373 A.2d 1109 (1977); *Commonwealth v. Morin,* 237 Pa.Super. 533, 352 A.2d 189 (1976). Thus, the statute requires the Commonwealth to prove that the defendant obtained or withheld property of another by deception. The statute then defines deception in terms of three alternative kinds of intentional conduct. However, nothing in the statute refers to an objective standard for evaluating deception. Rather, once the Commonwealth has established theft by deception as defined in § 3922(a), it is no defense that an ordinary person would not have been deceived by the challenged representations.

Moreover, the commentary to § 206.2 of the Model Penal Code which provides the basis for § 3922[5] supports the view that § 3922(a) does not require the Commonwealth to prove that an ordinary person would not have been deceived by the defendant's misrepresentations. The commentary states:

". . . If the deception is effective to cause the victim to part with property, it is in general no defense that a reasonable person would not have been mislead, or that the deception was as to something not 'material', or that other influences also contributed to the victim's decision. The only qualifications of this proposition are expressly set forth in subsection (3) [18 Pa.C.S. § 3922(b) concerning puffing] and (4) [18 Pa.C.S. § 3922(b) concerning matters having no pecuniary significance]." Model Penal Code § 206.2, Comment 1, p. 65 (Tent. Draft No. 2, 1954).

Section 3922(b) provides as follows:

"Exception.—The term 'deceive' does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed."

Consequently, § 3922(b) contains an objective standard in its reference to "ordinary persons". However, § 3922(b) is an *exception* to § 3922(a) and is limited only to either matters of no pecuniary significance or to statements that constitute puffing. Thus, a requirement that representations deceive an ordinary person applies only in two instances. First, because the purpose of § 3922 is to protect property interests,[6] the objective standard applies to statements having no pecuniary significance. For example, a salesman's misrepresentation of his political or fraternal affiliations in order to effect a sale are characterized as without pecuniary significance because such representations do not affect the nature of the property that a party receives. *Commonwealth v. Gallo,* supra; Model Penal Code

5. *See* § 18 Pa.C.S. § 3922, supra, note 3, Historical Note.

6. Model Penal Code § 206.2, Comment 9, p. 73 (Tent. Draft No. 2, 1954).

§ 206.2, Comment 9, p. 73 (Tent. Draft No. 2, 1954).[7] Second, § 3922(b) applies an objective standard of deception to puffing statements that frequently arise in the context of mass advertising " . . . where the message cannot be varied according to the intellectual or critical capacity of individual readers or hearers, and where it would be unfortunate to create a pressure for communication in terms suitable to the most stupid." Model Penal Code § 206.2, Comment 8, p. 71 (Tent. Draft No. 2, 1954). Thus, a requirement that the misrepresentations deceive an ordinary person applied only to the two limited exceptions defined in § 3922(b).

█ In the instant case, it is clear that the lower court correctly charged the jury that it could consider surrounding subjective circumstances in determining whether appellant had violated § 3922(a). To prove the offense of theft by deception as defined in § 3922(a), the Commonwealth had to establish that appellant intentionally obtained the complainant's property through deceptive conduct. The evidence presented at trial established that appellant obtained $3000.00 from the complainant by creating false impressions regarding the need for repairs to the complainant's home, appellant's intent to perform those repairs, and the cost of the required materials and labor. *See* § 3922(a)(1). Appellant's conduct was clearly intentional and deceptive as defined by § 3922(a) and did not involve either statements having no pecuniary significance or puffing statements as defined in § 3922(b). Accordingly, appellant may not avail himself of the defense that his conduct would not have deceived a reasonable person. Moreover, as our Court held in *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273 (1976), " 'There is no duty on a trial judge to charge upon law which has no applicability to presented facts.' " 240 Pa.Super. at 287, 362 A.2d at 278 (Citations omitted). Thus, we conclude that the trial court's instruction to the jury was

7. *See also* Comment, *Theft and Related Offenses in the New Pennsylvania Crimes Code: A New Concept in Property Offenses,* 78 Dick.L. Rev. 44 (1973).

not erroneous and, therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.