684 A.2d 1085

**COMMONWEALTH of Pennsylvania**

v.

**Wendell C. THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 1996.

Filed Nov. 12, 1996.

126

William G. Martin, Jr., Assistant Public Defender, Franklin, for appellant.

Marie T. Veon, District Attorney, Franklin, for Commonwealth, appellee.

Before DEL SOLE and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from the judgment of sentence of the lower court entered after appellant was convicted of theft by unlawful taking, 18 Pa.C.S.A. § 3921(a), and theft by deception, 18 Pa.C.S.A. § 3922(a)(1). We affirm.

Appellant, formerly quartermaster of the V.F.W. post in Oil City, Pennsylvania, was charged with having diverted to his own use $102,600.00 of the post's funds. After a trial by jury, appellant was convicted of the above offenses. On October 24, 1995, the lower court sentenced him to a period of incarceration of six to twenty-three months, and to make restitution in the amount of $102,600.00. Appellant filed a post-sentence motion which was denied by operation of law. *See* Pa.R.Cr.P., Rule 1410 B(3), 42 Pa.C.S.A. (if judge fails to decide post-sentence motion within 120 days or to grant an extension, motion shall be deemed denied by operation of law). The

instant timely appeal followed in which appellant raises the following issues:

1. Whether the guilty verdict is based on insufficient evidence in that the evidence does not prove beyond a reasonable doubt that appellant converted the funds to his own use?

2. Whether the guilty verdict is based on insufficient evidence regarding the amount alleged to have been stolen?

Before considering these issues, we must first set forth our standard of review.

Our standard of review of a claim that the evidence is insufficient to support the verdict is as follows:

[W]e view the evidence in the light most favorable to the Commonwealth and, drawing all reasonable inferences therefrom favorable to the Commonwealth, determine if there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Edwards,* 521 Pa. 134, 143, 555 A.2d 818, 823 (1989) (citations omitted). "[T]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Harper,* 485 Pa. 572, 576, 403 A.2d 536, 538 (1979). "[I]t is within the province of the trier of fact, in a criminal prosecution, to pass upon the credibility of witnesses, and the weight to be accorded the evidence produced." *Commonwealth v. Croll,* 331 Pa.Super. 107, 116–17, 480 A.2d 266, 271 (1984). "So, too, the finder of fact is free to believe all, part, or none of the evidence." *Id.* at 117, 480 A.2d at 271. *Accord Commonwealth v. Stockard,* 489 Pa. 209, 213, 413 A.2d 1088, 1090 (1980).

■ The offense of theft by unlawful taking as to movable property is defined as follows:

A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a). *See Commonwealth v. Crawford,* 285 Pa.Super. 169, 427 A.2d 166 (1981)(to be guilty of theft by

unlawful taking, defendant must unlawfully take, or exercise control over, movable property of another with intent to deprive him thereof).

The statutory definition of theft by deception is:

A person is guilty of theft if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

*Id.* § 3922(a). To obtain a conviction of theft by deception, the Commonwealth must demonstrate the presence of a false impression and that the victim relied on that impression. *Commonwealth v. Lawson,* 437 Pa.Super. 521, 650 A.2d 876 (1994), *appeal denied,* 540 Pa. 596, 655 A.2d 985 (1995).

■ The trial court, in its opinion of April 10, 1996, summarized the evidence at trial:

Defendant was the quartermaster for the Veterans of Foreign Wars, Oil City, Post 464. In that capacity, he had control over the building and maintenance fund. During the period from August, 1989, to May, 1994, he cashed over 100 checks in the total sum of $102,600.00. The checks were written by him, made payable to "cash" and signed and endorsed by him. He obtained the other necessary signatures by having a trustee sign the check in blank and representing that the checks were to pay bills. He had no authority to issue checks payable to cash. The trustees who signed the blank checks believed they were for the payment of bills and they trusted him.

Defendant contended that he cashed the checks in order to obtain money for the bartenders, to cover losses from

bingo and to operate the Small Games of Chance. Howeverer, the evidence was that these were self sustaining. Likewise, it was evidenced that if the defendant needed change, he obtained the money from the bookkeeper who maintained the "club account." Any sums not needed for the business were delivered to the defendant to add to the building fund. It was stipulated that between 1989—1994, the sum of $155,000.00 was deposited from the "club account" to the building fund.

Defendant contended that he usually cashed checks on Fridays to put in the boxes for each cashier in the operation of the club's business and that these were not revolving accounts. This was contradicted by the officers and employees of the club. Defendant also contended that he expended approximately $27,000.00 for major building expenditures during the period in question. . . .

Trial court opinion, April 10, 1996, at 2–3.

■ We find this summary of the evidence to be accurate. We have also reviewed the entire trial record and find that it supports a conclusion that the elements of the crimes were proved beyond a reasonable doubt. *See* Trial court opinion, April 10, 1996, at 3. Appellant contends that the evidence is insufficient because there was no evidence submitted that he had changed his lifestyle as a result of the thefts. This is not a necessary element of the crime. *See* 18 Pa.C.S.A. § 3921(a), *supra; Commonwealth v. Crawford, supra.* Appellant cites *Commonwealth v. Atwood,* 411 Pa.Super. 137, 601 A.2d 277 (1991), in support of this contention. However, in that case, the court held that evidence of appellant's lavish lifestyle was admissible over the defendant's objection that such evidence was irrelevant and prejudicial. *Id.* at 146–49, 601 A.2d at 281–83. This case has no application to appellant's contention that lifestyle evidence is necessary in a theft prosecution.

Appellant also contends that the evidence does not support the verdict because the jury did not consider his fifth grade education and lack of business skills in reaching their decision. Appellant cites *Commonwealth v. Joy,* 253 Pa.Super. 177, 384 A.2d 1288 (1978) in this regard. In *Joy,* the appellant was

convicted of theft by deception. The trial court instructed the jury that they should consider the respective ages, backgrounds, and experiences of the persons involved in the incident. The complainant in *Joy* was a 78 year old woman living alone in a frame house, and appellant was one of three men who drove up to her house and told her that her porch needed repairs. Although the complainant paid appellant thousands of dollars, no repair work was ever done. The appellate court in *Joy* held that the challenged instruction was not erroneous. *Id.* at 184–85, 384 A.2d at 1292.

In the instant case, we have no indication that the jury did not consider appellant's contentions concerning his education and lack of business experience. Nor do we know if appellant requested an instruction similar to that in *Joy*. The record certified to us on appeal does not contain the instructions the lower court gave to the jury.[1] Here, it is apparent by their verdict that the jury found appellant's testimony as to the circumstances surrounding the crime less credible than that of the Commonwealth witnesses. Those circumstances included appellant's fifth grade education and lack of business experience. We may not interfere with such a determination by the trier of fact. *Commonwealth v. Croll, supra.*

As to appellant's contention that the amount determined by the jury as having been stolen was erroneous, we note that appellant himself testified that checks to persons who did building and maintenance work for the post were made payable to those persons specifically and not to "cash." Thus, appellant's contention that the jury disregarded his testimony as to the building and maintenance work performed during his tenure as quartermaster is baseless.

Judgment of sentence affirmed.

---

1. It is appellant's responsibility to ensure that the appellate court has a complete record for purposes of appellate review. *Commonwealth v. Feflie,* 398 Pa.Super. 622, 581 A.2d 636 (1990), *appeal denied,* 528 Pa. 621, 597 A.2d 1151 (1991).