J. A29005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                 v.          :
                             :
BARBARA JEAN DAVIS,          :          No. 1878 WDA 2014
                             :
              Appellant      :


Appeal from the Judgment of Sentence, October 23, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012544-2013


BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 07, 2016**

Barbara Jean Davis appeals from the judgment of sentence following
her conviction in the Court of Common Pleas, Criminal Division, Allegheny
County, of theft by unlawful taking[1] and access device fraud.[2]

The facts as found by the trial court are as follows:

> Appellant was employed from 2007 until 2013
> as the caregiver of Geno Bussler and Lois Bussler.
> The Busslers hired their first caretaker after
> Geno Bussler broke his hip in a serious vehicle
> accident in September 2004.  Geno Bussler was
> confined to a motorchair and required assistance
> with showering and dressing.  Lois Bussler required
> assistance due to blindness, tremors, and bipolar
> disorder.  Appellant also prepared meals for the
> Busslers.

---

[1] 18 Pa.C.S.A. § 3921(a).

[2] 18 Pa.C.S.A. § 4106(a)(1).

As part of her caregiving duties with the Busslers, Appellant had authority to use the Bussler[s'] bank card to purchase groceries and do other shopping for the Busslers. On occasion the Busslers lent money to Appellant and she was expected to repay the borrowed amount into their bank account. Appellant did not have authorization to withdraw funds from the Bussler[s'] account without their prior approval.

Appellant took Lois Bussler to the Rivers Casino twice. While there Appellant called Geno Bussler for permission to withdraw $500 for Lois to use for gambling. Geno authorized Appellant to withdraw $500 on both of those occasions for Lois's use. Appellant called Geno Bussler on a third occasion requesting to borrow $500 for her personal gambling use at a casino, which Geno authorized. On a fourth occasion, Geno Bussler called Appellant while she was at a casino, and she told Geno that she had already withdrawn $500 from his account without first asking permission. The Busslers never gave Appellant unlimited permission to withdraw money from their bank accounts; they only authorized withdrawals for gambling at a casino on those three occasions, and did not challenge her withdrawal on the fourth occasion.

In January 2013, the Busslers contacted Detective Alan Ballo of the Allegheny County District Attorney's Office when they noticed that their bank accounts were significantly lower than they should have been, noting that they suspected Appellant of withdrawing money from their accounts for gambling. Investigators examined the Bussler[s'] bank accounts from December 2009-January 2013, and found dozens of withdrawals from five different casinos totaling $34,591.[Footnote 11] [Footnote 12] Detective Ballo cross-referenced the withdrawal dates with dates when Appellant used her player's card at each casino. From January 1, 2009-January 31, 2013, Appellant had losses of $56,000 at Rivers Casino and $26,000 at Meadows Casino.

> [Footnote 11] Appellant withdrew money from the Bussler[s'] account at Rivers Casino, Mountaineer Casino, The Meadows, Wheeling Island, and Atlantic City, New Jersey. Commonwealth Exhibits 5, 6.
>
> [Footnote 12] The amount of possible cash deposit withdrawals and authorized casino withdrawals was deducted from this amount in determining restitution. *See also* Commonwealth Post-Sentence Motion Exhibit 1.

Trial court opinion, 4/16/15 at 4-6 (internal citations omitted).

Appellant was arrested and charged with one count of theft by unlawful taking, two counts of forgery, two counts of access device fraud, two counts of insurance fraud, two counts of theft by deception, two counts of tampering with records, two counts of securing execution of documents by deception, and one count of theft by failure to make required disposition of funds received.

Appellant proceeded to a non-jury trial on March 3, 2014, and May 5, 2014, at the conclusion of which appellant was found guilty of one count of theft by unlawful taking and one count of access device fraud. She was found not guilty of the remaining counts.

Appellant filed a motion in arrest of judgment on August 1, 2014. On August 6, 2014, appellant was sentenced to two consecutive four-year periods of probation. She was ordered to pay restitution in the amount of $25,738. On August 18, 2014, appellant filed a motion to reduce restitution.

A hearing was held on October 20, 2014. The motion was partially granted on October 23, 2014, and the amount of restitution owed was reduced to $20,621. On this same date, the trial court denied appellant's motion in arrest of judgment. On appeal, she raises the following issues:

I. Whether the evidence is sufficient to support a conviction for Theft by Unlawful Taking?

II. Whether the evidence is sufficient to support a conviction for Access Device Fraud?

Appellant's brief at 4.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Nypaver*, 69 A.2d 708, 714 (Pa.Super. 2013) (citations omitted). Further, since the trial judge was sitting as fact-finder, this court defers to the trial judge's credibility determinations as the trial judge observes the witnesses' demeanor firsthand. *Commonwealth v. Holton*, 906 A.2d 1246, 1250 (Pa.Super. 2006).

The trial judge, the Honorable Edward J. Borkowski, has provided a well-reasoned discussion in support of the verdict. (*See* trial court opinion, 7/10/15 at 8-12 (explaining the elements of the crimes; the legal standard for sufficiency of the evidence; finding the evidence sufficient to establish the offenses of theft by unlawful deception and access device fraud and a course of conduct where credible testimony showed appellant obtained $20,621 by using the victim's bank cards to make unauthorized withdrawals from their bank accounts, without permission, on dozens of occasions to support appellant's out-of-control gambling habit).) Accordingly, we adopt the decision of the trial court as dispositive of the issues raised in this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2016

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,     CRIMINAL DIVISION

APPELLEE                              CC NO.: 201312544

V.

BARBARA JEAN DAVIS,

APPELLANT.


OPINION

BORKOWSKI, J.


PROCEDURAL HISTORY

Appellant was charged by criminal information (CC 201312544) with one count of theft by unlawful taking,[1] two counts of forgery,[2] two counts of access device fraud,[3] two counts of insurance fraud,[4] two counts of theft by deception,[5] two counts of insurance fraud,[6] two counts of tampering with records,[7] two counts

---

[1] 18 Pa. C.S. § 3921(a).
[2] 18 Pa. C.S. § 4101(a)(3).
[3] 18 Pa. C.S. § 4106(a)(1).
[4] 18 Pa. C.S. § 4117(a)(2). These charges were withdrawn prior to trial.
[5] 18 Pa. C.S. § 3922(a)(1).
[6] 18 Pa. C.S. § 4117(b)(4).
[7] 18 Pa. C.S. 6 4104(a).

2

of securing execution of documents by deception,[8] and one count of theft by failure to make required disposition of funds received.[9]

Appellant proceeded to a nonjury trial on March 3, 2014, and May 5, 2014, at the conclusion of which Appellant was found guilty of one count of theft by unlawful taking and one count of access device fraud; she was found not guilty of the remaining counts.

Appellant filed a motion in arrest of judgment on August 1, 2014, which was denied by the Trial Court on August 6, 2014.

On August 6, 2014, Appellant was sentenced by the Trial Court to the following:

Count one: theft by unlawful taking – four years probation;

Count four: access device fraud – four years probation to be served consecutive to the period of probation imposed at count one.

Appellant was ordered to pay restitution in the amount of $25,738.

On August 18, 2014, Appellant filed a motion to reduce restitution, a hearing was held on October 20, 2014, and the motion was partially granted on October 23, 2014, reducing the amount of restitution owed to $20,621. Appellant filed a timely notice of appeal.

---

[8] 18 Pa. C.S. § 4114. These charges were withdrawn prior to trial.
[9] 18 Pa. C.S. § 3927(a). This charge was not held for court.

3

In Appellant's Concise Statement of Matters Complained of on Appeal, Appellant claimed that:

1. The evidence is insufficient to support her conviction of Theft by Unlawful Taking (18 Pa. C.S. § 3921(a)).
2. The evidence is insufficient to support her conviction of Access Device Fraud (18 Pa. C.S. § 4106).

In its 1925(a) Opinion, the Trial Court found that given the lack of specificity engendered by Appellant's claims, the Trial Court could not address them.[10] Trial Court Opinion, April 13, 2015, p.6.

On May 22, 2015, Appellant filed a Motion to Remand for Filing of Amended Rule 1925(b) Statement. On June 9, 2015, the Superior Court granted Appellant's motion and remanded the record to the Trial Court for a period not to exceed forty days. On June 16, 2015, Appellant timely filed her Amended 1925(b) Statement. This opinion follows.

## STATEMENT OF ERRORS ON APPEAL

Appellant's claims are set forth below exactly as Appellant presented them in her Amended Statement of Matters Complained of on Appeal:

1. The evidence is insufficient to support her conviction of Theft by Unlawful Taking (18 Pa. C.S. § 3921(a)) in the following particulars:
   a. No witness could establish any instance where money or property was stolen;

---

[10] *See Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa. Super. 2008).

4 .

b. No witness testified that Defendant took money or property of another with the intent to deprive them thereof;

c. Lois Bussler specifically testified that Defendant did not take anything from her or take anything that was hers (March 3, 2014 Transcript, p. 31);

d. Geno Bussler testified that he did not know whether there was any time that Defendant took money from his account and did not pay him back (March 3, 2014 Transcript, p. 81) and did not know of any specific time that Ms. Davis did not give back the money (id, p. 83);

e. Detective Alan Ballo testified that he did not know of any occasion where the Defendant took money from the Busslers and did not pay them back. (March 3, 2014 Transcript, p. 121).

f. With regard to the wedding rings which were alleged to have been purchased by Ms. Davis with the Busslers' funds, it is noted that no witness actually testified that Ms. Davis purchased wedding rings *for herself* with the Busslers' funds, Geno Bussler did testify that she purchased wedding rings for "two thousand five some dollars." (March 3, 2014 Transcript 43). Later, he testified it was a little over $2,600. (id., p. 63). However, the Busslers account records indicate that the only purchase of wedding rings was in 2010. (*see* Exhibit C to Defendant's Motion in Arrest of Judgment). Mr. Bussler admitted that he purchased wedding bands for himself and his wife in 2010, and that Ms. Davis' marriage was in 2011. (id., 61-2). Detective Ballo testified that there was only one wedding ring transaction and that was in August of 2010 for $1,800.00. (id., p. 110, 121). Detective Ballo also agreed that the transaction could very well have been to purchase the Bussler's rings. (id., p. 121).

5

2. The evidence is insufficient to support her conviction of Access Device Fraud (18 Pa. C.S. § 4106) in the following particulars:

    a. No witness testified as to any specific instance where Ms. Davis used the Busslers' ATM card without authorization;

    b. The fact that the Busslers testified that they did not give Ms. Davis blanket authorization to use their cards in any way she please does not support a conclusion that she used the cards without authorization.

    c. The only specific references in the record to the times that Ms. Davis used the Busslers' ATM cards are to times when she specifically *did* have authority to use the cards,

    d. Although logically it may be inferred that from Geno Bussler's testimony that he authorized withdrawals only four times, his testimony in fact was that Ms. Davis would call him "once in a while" and ask if she could borrow money, and that it was "probably" more than three or four times, and that when she did so, he would check his bank account, and sometimes say yes, she could borrow the money, and that he "probably" authorized the use of the ATM card more than three or four times. (March 3, 2014 Transcript, pp. 71-72).

## FINDINGS OF FACT

Appellant was employed from 2007 until 2013 as the caregiver of Geno Bussler and Lois Bussler. (T.T. 16, 24, 37; T.T.(II) 24).[11] The Busslers required significant assistance after Geno Bussler broke his hip in a serious vehicle accident in September 2004. Geno Bussler was confined to a motorchair and required

---

[11] The designation "T.T." followed by numerals refers to Trial Transcript, March 3, 2014. The designation "T.T.(II)" followed by numerals refers to Trial Transcript (cont.), May 5, 2014.

assistance with showering and dressing. Lois Bussler required assistance due to blindness, tremors, and bipolar disorder. As their primary caregiver, Appellant assisted the Busslers with everyday activities. (T.T. 15, 38, 54).

As part of her caregiving duties with the Busslers, Appellant had authority to use the Bussler's bank card to purchase groceries and do other shopping for the Busslers. (T.T. 25, 34, 39). On occasion the Busslers lent money to Appellant and she was expected to repay the borrowed amount into their bank account. Appellant did not have authorization to withdraw funds from the Bussler's account without their prior approval. (T.T. 17-18, 33, 40-42, 71-72; T.T.(II) 26).

Appellant took Lois Bussler to the Rivers Casino twice. While there Appellant called Geno Bussler for permission to withdraw $500 for Lois to use for gambling. Geno authorized Appellant to withdraw $500 on both of those occasions for Lois's use. Appellant called Geno Bussler on a third occasion requesting to borrow $500 for her personal gambling use at a casino, which Geno authorized. On a fourth occasion, Geno Bussler called Appellant while she was at a casino, and she told Geno that she had already withdrawn $500 from his account without first asking permission. The Busslers never gave Appellant unlimited permission to withdraw money from their bank accounts; they only authorized withdrawals for gambling at a casino on those three occasions, and did not challenge her withdrawal on the fourth occasion. (T.T. 19, 23, 44-45, 67, 85).

7

In January 2013, the Busslers contacted Detective Alan Ballo of the Allegheny County District Attorney's Office when they noticed that their bank accounts were significantly lower than they should have been, noting that they suspected Appellant of withdrawing money from their accounts for gambling. (T.T. 100-102). Investigators examined the Bussler's bank accounts from December 2009-January 2013, and found dozens of withdrawals at five different casinos totaling $34,591.[12] (T.T. 104-107).[13] Detective Ballo cross-referenced the withdrawal dates with dates when Appellant used her player's card at each casino. (T.T. 106). From January 1, 2009-January 31, 2013, Appellant had losses of $56,000 at Rivers Casino and $26,000 at Meadows Casino. (T.T. 92-93). Appellant was arrested and charged as noted hereinabove.

## DISCUSSION

Appellant alleges that the evidence is insufficient to support her convictions of theft by unlawful taking and access device fraud. These claims are without merit.

The standard of review for sufficiency of the evidence claims has been stated thusly:

---

[12] Appellant withdrew money from the Bussler's bank account at Rivers Casino, Mountaineer Casino, The Meadows, Wheeling Island, and Atlantic City, New Jersey. Commonwealth Exhibits 5, 6.

[13] The amount of possible cash deposit withdrawals and authorized casino withdrawals was deducted from this amount in determining restitution. (T.T. 104-107); Commonwealth Post-Sentence Motion Exhibit 1.

8

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005).

A.

A person commits theft by unlawful taking if she "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa. C.S. § 3921(a). Appellant specifically alleges that the evidence was insufficient to support her conviction of theft by unlawful taking based on the argument that no witness could specify an instance when the Appellant took money from them. Appellant's argument relies on isolated out-of-context statements by Lois Bussler, Geno Bussler, and Detective Ballo that Appellant tortures into perceived uncertainty, while the entirety of the record

9

clearly indicates otherwise. The direct and circumstantial evidence clearly establishes Geno Bussler's explicit or tacit approval for four withdrawals from the account, totaling $2000. However, the Busslers' testimony, as well as that of Detective Ballo, establish dozens of other unauthorized withdrawals from the Bussler's account that coincide with Appellant's visits to, and losses at, local casinos. It is well-established that any crime, including theft by unlawful taking, may be proven by wholly circumstantial evidence. *See Gray*, 867 A.2d at 567; *Commonwealth v. Haines*, 442 A.2d 757, 759-760 (Pa. Super. 1982). The various statements/testimony which Appellant isolates and now argues in this sufficiency claim were taken into account in evaluating credibility; the totality of the evidence found to be credible by the fact-finder established a series of thefts totaling over $20,000 by Appellant to support an out of control gambling habit. (T.T. 17-19, 23, 33, 40-42, 44-45, 67, 71-72, 85, 92-93, 104-107; T.T.(II) 26). This evidence was sufficient to establish that Appellant committed the crime of theft by unlawful taking. *See Commonwealth v. Thomas*, 684 A.2d 1085, 1086-1088 (Pa. Super. 1996) (evidence sufficient to support conviction for theft by unlawful taking where defendant was permitted to withdraw money from account for certain business expenditures, but instead withdrew money for personal expenditures).[14] Appellant's claim is without merit.

---

[14] In her claim at 1(f), Appellant devotes a long paragraph detailing a claim of error on a charge

10

B.

A person commits access device fraud if she "uses an access device to obtain [...] property or services with knowledge that: the access device was issued to another person who has not authorized its use." 18 Pa. C.S. § 4106(a)(1)(ii). Appellant's argument again challenges the conviction by attacking the circumstantial evidence in this case. The Busslers inability to cite a specific instance when they witnessed Appellant use their bank card without authorization does not mean that Appellant cannot be convicted of access device fraud. The entirety of the record establishes beyond a reasonable doubt that Appellant was permitted to use the Bussler's bank card for caregiving expenditures, but was not authorized to use the bank card for personal expenses without prior approval. In spite of that restriction, Appellant withdrew money from the Bussler's bank accounts using their bank card on dozens of occasions, without their knowledge and permission, for the purpose of personal gambling at several casinos. (T.T. 17-19, 23, 33, 40-42, 44-45, 67, 71-72, 85, 92-93, 104-107; T.T.(II) 26). This evidence was sufficient to establish that Appellant committed the crime of access device fraud.

Further, Appellant's argument that the evidence was insufficient to establish access device fraud because Geno Bussler stated that he occasionally permitted

---

of which she was acquitted, consequently, the Trial Court will not address it.

Appellant to borrow money is without merit. The amounts here were not loans, but rather unauthorized withdrawals to fuel Appellant's gambling habit. The Trial Court found that Appellant accessed the Bussler's bank account without permission or knowledge when she withdrew money from the casino ATMs for her personal gambling.[15] That Appellant had permission to withdraw money on occasion does not negate the evidence of record that Appellant withdrew money from the Bussler's account for personal gambling at area casinos on dozens of occasions without the Bussler's knowledge or permission. *See, supra*, pp. 9-11. Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court should be affirmed.

By the Court,

DATE: July 10, 2015

_____,J.

Edward J. Borkowski

---

[15] In determining Appellant's amount of restitution owed, the Trial Court deducted the four casino withdrawals that were authorized/unchallenged, and also gave Appellant the benefit of the doubt in deducting the amount of possible cash withdrawals that Appellant may have been authorized to make. (T.T. 104-107); Commonwealth Post-Sentence Motion Exhibit 1.

12