J-A06008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SONNY SHRIEVES | : | |
| | : | |
| Appellant | : | No. 2215 EDA 2023 |
| | : | |

Appeal from the Judgment of Sentence August 22, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007951-2019

BEFORE:  PANELLA, P.J.E., DUBOW, J., and STEVENS, S.J.

MEMORANDUM BY PANELLA, P.J.E.:           **FILED MARCH 14, 2025**

Appellant, Sonny Shrieves, appeals from the judgment of sentence entered on August 22, 2023 following a bench trial on the criminal charges of theft by deception,[1] receiving stolen property,[2] and criminal conspiracy.[3] Shrieves was found guilty of Theft by Deception-False Impression under subsection (a)(1) of 18 Pa.C.S.A. § 3922. After our careful independent review, we affirm and incorporate the trial court's opinion dated April 16, 2024.

---

[1] 18 Pa.C.S.A. § 3922.
[2] 18 Pa.C.S.A. § 3925.
[3] 18 Pa.C.S.A. § 903.

The trial court accurately summarized the factual and procedural history of the case. **See** Trial Court Opinion, 4/16/24, at 1-3. Therefore, a detailed recitation of the underlying facts is unnecessary. It is sufficient for our discussion to state that this case is about the sale of a car by Shrieves to Sandipkumar Patel, for a total payment of $5,400.00, and despite reassurances, Shrieves never provided Patel with an official title to the car.

Theft by Deception-False Impression is defined as:

**(a) Offense defined.**—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]

18 Pa.C.S.A. § 3922. The Commonwealth must prove, beyond a reasonable doubt, that the defendant intentionally obtained property from another person by deception. **Id**.; **Commonwealth v. Lawson**, 650 A.2d 876, 880 (Pa. Super. 1994). Deception occurs when that person obtains or withholds property of another by intentionally creating or reinforcing a false impression that influences the victim. "The Commonwealth must demonstrate not only the presence of a false impression but that the victim relied upon that impression." **Commonwealth v. Thomas**, 684 A.2d 1085, 1086 (Pa. Super. 1996); **Lawson, supra,** at 880.

In the present case, the Commonwealth was required to prove that Shrieves intentionally created a false impression in the mind of the buyer, Patel, that Shrieves would provide a legitimate title to the car he was selling to Patel and then used Patel's reliance on that false impression to obtain Patel's money. **See Commonwealth v. Fisher**, 682 A.2d 811, 813 (Pa. Super. 1996).

In his brief filed on July 29, 2024, Shrieves presents the following two arguments:

> 1. The prosecution presented no evidence that Mr. Shrieves intended to withhold the title to Mr. Patel at the time he sold him the car.
>
> 2. The prosecution presented no evidence explaining why police confiscated the car after Mr. Patel purchased it from Mr. Shrieves.

Appellant's Brief, at 10, 13.

Shrieves' first argument raises a claim that the evidence was insufficient to support his conviction. We review a challenge to the sufficiency of the evidence presented at a bench trial with great deference to the credibility determinations of the fact finder:

> Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt.

**Commonwealth v. Akhmedov**, 216 A.3d 307, 322 (Pa. Super. 2019). Furthermore:

In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

Through an abundance of uncontradicted circumstantial evidence, the Commonwealth established that Shrieves intentionally and deceptively obtained and withheld Patel's payment of $5,400.00 after repeatedly assuring Patel he would provide a legitimate title to the car. Although Shrieves promised to provide a title to the car within a week of the purchase, he never provided the title and discontinued contacts with Patel. The trial court more than adequately summarized the evidence of record in its April 16, 2024 opinion when it rejected Shrives' first contention.

In reference to Shrieves' second argument, i.e., that the Commonwealth did not present evidence explaining the reason police confiscated the car following notice by Patel, this issue is waived for failure to include it in the Rule 1925(b) statement of issues raised on appeal. In the *Nunc Pro Tunc*

Statement of Errors Complained of on Appeal filed by Shrieves on February 14, 2024, there is no mention of this issue. Understandably, the trial court did not address this issue in its opinion filed on April 16, 2024. Therefore, we are constrained to conclude that Shrieves' failure to provide the trial court with a proper Rule 1925(b) statement waives the issue for appellate review. *See Pa.R.A.P.* 1925(b)(4)(vii) (stating "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); *see also Commonwealth v. Laird*, 988 A.2d 618, 643 n.27 (Pa. 2010) (explaining defendant waived any claims he failed to include in his Rule 1925(b) statement).

As the trial court's opinion comprehensively discusses the overwhelming uncontradicted evidence that Shrieves assured Patel he would receive a title to the car "within one (1) week of the purchase" and that, ultimately, Patel "never received the title for the vehicle and never heard from" Shrieves again, we affirm and incorporate the trial court's April 16, 2024 opinion.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/14/2025