442 A.2d 757

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward HAINES, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1981.

Filed March 5, 1982.

258

Renald S. Baratta, Easton, for appellant.

Michael S. Goodwin, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

BECK, Judge:

This is an appeal from judgment of sentence following a non-jury trial wherein appellant was convicted of two counts of theft [1]: theft by unlawful taking or disposition [2] and receiving stolen property. [3]

█ Appellant initially claims that the verdict did not conform to law. Specifically, he alleges that since the trial judge failed to comment as to the separate counts of the information, his silence constituted an acquittal of all unmentioned counts. That argument is novel, but clearly incorrect. It is premised upon a misreading of this court's opinion in *Commonwealth v. Samuels*, 235 Pa.Super. 192, 340 A.2d 880 (1975). In that case, the trial judge found defendant guilty of one of three counts in the indictment.

> The trial judge found appellant guilty of "the charge of possession of dangerous drugs, of these drugs, beyond a reasonable doubt in the opinion of the Court." However, he made no comment as to the other two counts of the indictment.... When the trial judge found appellant guilty of possession and made no comment at that time as to other counts of the indictment, this acted as an acquittal of the unmentioned counts. *Commonwealth v. Curry*, 285 Pa. 289, 132 A. 370 (1926); *Commonwealth v. Day*, 114 Pa.Superior Ct. 511, 174 A. 646 (1934).

*Id.* 235 Pa.Super. at 207–208, 340 A.2d at 888 (footnote deleted).

1. 18 Pa.C.S.A. § 3902.

2. 18 Pa.C.S.A. § 3921(a).

3. 18 Pa.C.S.A. § 3925(a).

▬▬▬▬▬▬▬▬▬▬

Had the trial judge in the instant case found appellant guilty of theft by unlawful taking or disposition while omitting mention of receiving stolen property, we would be bound by *Samuels* to find that appellant was acquitted of the latter charge. But here the trial judge found appellant guilty on the entire information.

■ Appellant also argues that his demurrer following completion of the Commonwealth case should have been sustained. It is clear, however, that since appellant did not rest following the trial court's denial of his demurrer and instead presented evidence, the ruling on the demurrer is no longer an appealable issue. *See Commonwealth v. Mastrangelo*, 489 Pa. 254, 414 A.2d 54, *appeal dismissed, Mastrangelo v. Pennsylvania*, 449 U.S. 894, 101 S.Ct. 259, 66 L.Ed.2d 124 (1980); *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Pritchard*, 270 Pa.Super. 461, 411 A.2d 810 (1979).

■ Appellant suggests that the Commonwealth did not sustain its burden of proving the charges beyond a reasonable doubt. In *Commonwealth v. Herman*, 271 Pa.Super. 145, 412 A.2d 617 (1979), this court neatly summarized the test for determining the sufficiency of the Commonwealth's evidence.

> The inquiry is bounded by two poles. On the one hand, the Commonwealth does not have to establish guilt to a mathematical certainty and may in a proper case rely wholly on circumstantial evidence. On the other hand, guilt must be proved; mere conjecture or surmise is not sufficient.

*Id.*, 271 Pa.Super. at 149, 412 A.2d at 619.

It is also clear that in reviewing the evidence, we must consider it in the light most favorable to the verdict winner. *See Commonwealth v. Joyner*, 489 Pa. 502, 414 A.2d 1003 (1980); *Commonwealth v. Ilgenfritz, supra.* Accordingly, we shall proceed to review the evidence in that light.

Walter Smith, Jr., who is employed at his father's store, testified that he was the lone employee in that store between 12:00 noon and 1:00 p.m. on April 22, 1978. (N.T. 8.) He stated that appellant entered the store during the hour in question and that he knew appellant from previous purchases. Smith, Jr. also testified that appellant parked his van between two and three feet from a front door which opened only from the inside. Appellant entered through a side door which was the only entrance used by customers. (N.T. 10.) Appellant asked Smith, Jr. to get a hardware item for him, and Smith, Jr. walked to the rear of the store and up some stairs to find the item. (N.T. 12.) He was absent from the main store area for between three and five minutes during which time appellant was alone in that part of the store. (N.T. 13.) He testified that when he returned, he told appellant that he did not have the part in stock, and appellant left the store. (N.T. 15.)

Walter Smith, Sr., the storeowner, testified that he left his store at approximately noon and returned at approximately 1:00 p. m. that day. He stated that he inventories "small items that are vulnerable to theft" each time he entered and each time he left the store. (N.T. 26–27.) He testified that there were 35 chain saws on display the morning of April 22nd and that he did not sell any before noon. They were all there when he left for lunch; when he returned, however, he noticed that two were missing.[4] (N.T. 27–28.) Smith, Sr. stated that he gave Police Chief Lehr of the Borough of Riegelsville the serial numbers and the models of the missing saws. (N.T. 30.) Chief Lehr testified that in the course of the investigation he discovered that a chain saw was being repaired at a garage and that the serial number of that saw was the same as that of one of the missing saws. (N.T. 45.) He traced the saw to Richard Seawood who turned it over to Chief Lehr. (N.T. 46.)

4. It should be noted that on cross-examination, Smith, Sr. contradicted himself as to the exact number of saws before and after lunch. Still, he emphasized the fact that there were "two big gaps" where the chain saws had been. (N.T. 38.)

Seawood testified that he bought the chain saw from a man whose identity Seawood did not know. The man told him that defendant sent the unidentified man because he knew Seawood needed a chain saw. (N.T. 55.) Seawood later called defendant seeking to ascertain the salesman's name; he wanted to inform him that the saw was broken. Defendant told him he did not know the man's name. (N.T. 59.) When defendant testified, he corroborated the fact that he did not know the man's name. (N.T. 76.)

. It is clear that in the instant case it was the province of the trial judge as the trier of fact to pass upon the credibility of witnesses and to determine the weight of the evidence. *See Commonwealth v. Murray,* 460 Pa. 605, 334 A.2d 255 (1975); *Commonwealth v. Lawton,* 272 Pa.Super. 40, 414 A.2d 658 (1979). We defer to the conclusion as to credibility that was enunciated in the trial court's opinion:

> We did not find the testimony of the defendant or Mr. Seawood to be credible and we believe that the unnamed man whom the defendant claimed to have sent to Seawood is a product of someone's imagination.

While it is true as the trial court noted that there was no evidence unquivocally placing the chain saws in the hands of defendant, we hold that the Commonwealth, albeit circumstantially, sustained its burden to prove beyond a reasonable doubt that defendant was guilty of theft. A defendant is guilty of 18 Pa.C.S.A. § 3921(a) "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." We hold that the trial court's verdict was premised upon a reasonable inference from the evidence that the saws were taken during the hour defendant was in the store and from the evidence connecting defendant to the recovered saw. Since there was sufficient evidence to convict defendant of theft by unlawful taking or disposition, it necessarily follows that the evidence was also sufficient to convict him of receiving stolen property. Defendant is guilty of receiving stolen

property, 18 Pa.C.S.A. § 3925(a), "if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen."

This Court in *Commonwealth v. Shaffer*, 279 Pa.Super. 18, 420 A.2d 722 (1980) reasoned that the "misappropriator" of the goods could be convicted of receiving stolen property.

> Given the drafters' intent to remove "all artificial distinctions between different forms of theft (including receiving stolen property)," *Commonwealth v. Belcher, supra,* 233 Pa.Super. [212] at 217, 335 A.2d [505] at 507, and to make the focus in the criminal prosecution of all theft offenses the accused's "thieving the state of mind," it would be anomalous to hold that one who is the original misappropriator of property cannot be convicted under section 3925 as the receiver of the property when the language of section 3925 is so worded as to proscribe the misappropriator's conduct.

*Id.* 279 Pa.Super. at 26–27, 420 A.2d at 726.

The *Shaffer* court further stated that a thief's conduct will almost always be proscribed by both section 3921 and section 3925, two counts of the same offense and concluded:

> If the indictment or information charges one offense in two or more counts, the accused may have the superfluous counts dismissed. *United States v. Bloom,* 78 F.R.D. 591, 604 (E.D.Pa.1977). If convicted, the accused may receive but one sentence on the theft offense. 18 Pa.C.S.A. § 3902.

*Id.* 279 Pa.Super. at 27 n.2, 420 A.2d at 727 n.2.

Appellant received only one sentence for the theft offense.[5] It appears that the above cited intent of the drafters to consolidate the theft offenses was served. Judgment of sentence affirmed.

---

5. Appellant was sentenced to pay court costs in the amount of $350. Further, he was ordered to make restitution to the victim in the amount of $550.