## Commonwealth v. Lundberg

*Darlee Sill, assistant district attorney,* for the Commonwealth.

*J. Randall Miller,* for defendant.

SMITH, *J.,* August 9, 1985—On November 20, 1984, defendant, Brenda Lundberg, allegedly offered to perform masturbation for a fee upon an undercover Pennsylvania State Police trooper who had entered the Swedish Health Spa located in Altoona. On January 4, 1985, a criminal complaint charging solicitation to commit prostitution was filed against defendant, and a warrant for arrest issued thereon.

Defendant now challenges the criminal information filed by the District Attorney of Blair County, and for purposes of her motion to quash the indictment or information only, stipulates to the factual averments set forth in the complaint. In support of

her motion, defendant argues that the term prostitution includes in its definition only those sexual activities involving some penetration of the body, and further, that a person solicited to accept the offer of another who engages in sexual activity as a business does not himself engage in sexual activity as a business when he accepts the offer.

We address these issues in the order in which they have been raised by the defendant.

## I. DO PRINCIPLES OF STATUTORY CONSTRUCTION LIMIT SEXUAL ACTIVITY TO ACTS INVOLVING PENETRATION?

Defendant advances a carefully-crafted argument which is, stated in its most basic form, that: (1) the term prostitution involves only those sexual activities in which there has been some penetration of the body; and (2) that under rules of statutory construction the term "sexual activity" is limited definitionally by reference to the word "prostitution." With reference to the latter prong of her argument, defendant relies upon the principle of ejusdem generis as codified in the Statutory Construction Act, 1972, Act of December 6, P.L. 1339, 1 Pa.C.S. §1903(b):

"General words shall be construed to take their meaning and be restricted by preceding particular words."

The traditional principle of ejusdem generis was applied not merely for statutory construction purposes; it has often been applied by the courts of this Commonwealth in will cases for determining a testator's intent. See McGlathery's Estate, 311 Pa. 351, 166 Atl. 886 (1933); In re Beisgen's Estate, 128 A.2d 52, 387 Pa. 425 (1957); In re Reim's Estate, 21 D.&C.2d 650, 10 Fiduciary 138 (1960). As such, the principle was sometimes useful in construing general words which followed more specific words

within a bequest, for example, construction of the term "etc." appearing at the end of an enumeration in a bequest of personal property.

The application of ejusdem generis has never been binding upon our courts. Com. v. Randall, 183 Pa.Super. 603, 133 A.2d 276, 281 (1957). On the other hand, the rule of construction laid down at Pa.C.S. §1903(b) "shall be observed, unless the application of such [rule] would result in a construction inconsistent with the manifest intent of the General Assembly." 1 Pa.C.S. §1901.

The starting point in ascertaining whether the General Assembly's intent has been made manifest is a reading of the entire statutory provision. This defendant has been charged with a violation of section 5902(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, P. L. 1482, which reads:

"§5902. Prostitution and related offenses

(a) PROSTITUTION. — A person is guilty of prostitution, a misdemeanor of the third degree, if he or she: ·

(1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business; or

(2) loiters in or within view of any public place for the purpose of being hired to engage in sexual activity."

Clearly, the term sexual activity does not follow an enumeration, as is so frequently the issue in the will cases referred to above. Rather, the term is used to describe those types of conduct constituting the offense of prostitution.

A house of prostitution is defined as "any place where prostitution or promoting prostitution is regularly carried on by one person under the control, management, or supervision of another." Section 5902(f).

As to the term sexual activity, the definitional subsection simply states: "Includes homosexual and other deviate sexual relations." Section 5902(f). We note at this point that the legislature has chosen not to use as inclusionary language the terms homosexual intercourse or deviate sexual intercourse.

Accordingly, we find the principle of 1 Pa.C.S. §1903(b) inapplicable to 18 Pa.C.S. §5902(a). The words sexual activity cannot be said to be restricted by the preceding word prostitution, when the former term itself is used in part, to actually define the latter term.

We turn then to other principles to assist us in deciding whether the definition of sexual activity is coextensive with, and therefore limited by, the definition of prostitution.

We agree with defendant that Commonwealth v. Lavery, 247 Pa. 139, 93 Atl. 276 (1915), interprets prostitution as used on a now-repealed pandering statute as "not mere fornication or adultery confined to one man, but indiscriminate illicit intercourse for hire with any man seeking it." 247 Pa. at 142. It must be conceded, however that the Lavery court was addressing primarily the indiscriminate nature of such sexual intercourse and was not confronted with language of sexual activity.

We reject, however, defendant's contention that 18 Pa.C.S. §5902 must be presumed to use terms in the sense they have traditionally been given by the legislature and the courts. We agree with the defendant's statement of the law that "statutes of this Commonwealth are not presumed to make changes in rules or principles of common law or prior existing law beyond what is expressly declared in their provisions, Commonwealth v. Miller, 469 Pa. 24, 364 A.2d 886 (1976)." See also Commonwealth v. Hartung, 156 Pa. Super. 176, 39 A.2d 734 (1944).

Where defendant's position fails is in its reliance upon the rule of construction of 1 Pa.C.S. §1902(2).[1]

What we are presented with in §5902 is a new statutory definition of prostitution, a definition which expands upon the Lavery language, and even the subsequent provision in the Penal Code of 1939,[2] by adding to those specific acts formerly constituting prostitution what is now characterized as "sexual activity."[3]

We believe it to be significant that the legislature, following the disjunctive in §5902(a)(1) did not proscribe prostitution as a business, nor did they proscribe sexual intercourse as a business. Rather, they chose to use the broader term sexual activity.

The Supreme Court of Pennsylvania has held that "if a statute contains its own definitions, the meaning of a term as defined at common law, or as construed under prior statutes is not controlling." Commonwealth v. Lobiondo, 501 Pa. 599, 462 A.2d 662, 664 (1983). Because we now hold that the General Assembly clearly chose to define anew the term

---

1. Defendant argues, at page 9 of her brief: "An express departure cannot be inferred from the use of a general term where its antecedent has by previous interpretation been endowed with a known and precise signification."

2. The Penal Code of June 24, 1939, P.L. 872, 18 P.S. §4512.

3. We are not unmindful of the holding of Judge Popovich that the present act does not "eradicate" the commonly understood definition "prostitution," but "merely clarified it to include 'homosexual and other deviate sexual relations.' " Commonwealth v. Potts, 314 Pa. Super. 256, 460 A.2d 1127, 1134 (1983). By holding that the legislature has given us a new statute, expanding upon the Lavery language, we do not view our reasoning as inconsistent with that of Judge Popovich. We have merely chosen semantically to express the same holding by different verbiage.

prostitution in §5902(a)(1), we are not bound by the narrow language defining that word at common law or by statutory construction prior to enactment of the new Crimes Code.

We regard defendant's attack on the constitutionality of §5902 as improvident. Despite an attempt to distance herself from the factual situation posed in Commonwealth v. Potts, 314 Pa. Super. 256, 460 A.2d 1127 (1983), the Superior Court could not have pronounced the constitutional vitality of the statute more vigorously:

"Suffice it to say that this Court does not view the statute to be so amorphous that it has the traditional trappings of a vague statute which attempts to regulate sexual acts which result, for whatever motives, from ordinary social situations. Instead, this court sees it as providing an ascertainable standard of conduct directed at a defined evil (commercial exploitation to sexual gratification) and is not so vague as to inhibit the exercise of constitutionally protected freedoms so as to be overbroad." 460 A.2d at 1136.

We are bound by the Potts decision.

Since the public policy reflected in the enactment of §5902 and enunciated in Potts, supra, is the prohibition of commercial exploitation of sexual gratification, we are not constrained to limit our focus to prostitution as historically defined, nor to acts of sexual intercourse alone. Rather, our inquiry becomes quite simply whether or not masturbation constitutes sexual activity under the present Crimes Code. This is a question which has not been addressed by the appellate courts of this Commonwealth.

We need not, however, discuss this question at length since we adopt the clear reasoning of the Honorable Donald J. Wieand, then a judge of the

Court of Common Pleas of Lehigh County, in Commonwealth v. Israeloff, 5 D.&C.3d 5 (1978).[4] There, Judge Wieand held:

"[W]hen the term "sexual activity" is examined consistently with the statutory provision's underlying purpose of prohibiting "commercial exploitation of sexual gratification," the conclusion is inescapable that masturbation as a business is within the proscription of section 5902 of the Crimes Code."

We agree. We are not confronted here with the other activities which defendant contends are sexual in a sense, but probably not within the ambit of this statute.[5] Defendant has not been charged with soliciting an undercover police officer to date her, flirt with her, seductively converse with her, or engage in any of the other hypothetical situations enumerated by defendant to "raise the specter of citizens unknowingly engaging in behavior which might arguably be prohibited by the statute." Potts, supra, 460 A.2d at 1135. We are confronted instead with an alleged solicitation by a female to manipulate the male sexual organs in order to achieve sexual arousement of the male in return for payment. It is clear to us that such conduct is sexual activity as a business, and that in so holding, we have kept faith with the common usage principle of construction in 1 Pa. C.S. §1903(a)[6].

4. We decline, therefore, to follow the reasoning of the Honorable Joseph E. Erb in Commonwealth v. Dougan, 5 D. & C. 3d 406 (1977).

5. See brief for defendant at 6.

6. Further, "(T)he commentary to both Model Penal Code drafts of the prostitution section shows that the gravamen of the offense is not the sexual activity itself but the business of engaging in such activity for hire." Com. v. Danko, 281 Pa. Super. 97, 421 A.2d 1165 (1980) (Emphasis added).

## II. DOES ACCEPTANCE OF AN OFFER TO PERFORM A SEXUAL ACT FOR HIRE ESTABLISH COMPLICITY IN THE MISDEMEANOR OF PROSTITUTION UNDER 18 Pa.C.S. §5902(a)?

Defendant has been charged with solicitation of prostitution, i.e., a violation of 18 Pa.C.S. §902(a) by soliciting commission of an offense under 18 Pa.C.S. §5902(a). Defendant argues, however, that the solicitee (here the undercover police officer) cannot be guilty of 18 Pa.C.S. §5902(a) because the offense he would have been committing would only have been that of patronizing a prostitute, a summary offense.[7] 18 Pa.C.S. §5902(e). The logical extension of this argument is that defendant could be guilty only of a summary offense by virtue of 18 Pa.C.S §905 which provides that solicitation is a crime of the same grading as the most serious offense solicited.

Defendant's reasoning is compelling, and were it not for the case of Commonwealth v. Wilson, 296 Pa. Super. 262, 442 A.2d 1381, modified 498 Pa. 529, 447 A.2d 1381 (1982), we would be constrained to grant the relief here requested.

In Wilson, defendants were charged initially with criminal solicitation under §902; the Commonwealth was later permitted to amend its informations to add a count of prostitution pursuant to §5902. On appeal, the Superior Court affirmed the convictions, with Judge Beck writing for a three-judge panel.

"Prostitution requires participation of a partner. The appellants in this instance, at a minimum, in-

---

7. The Commonwealth failed to address this issue in its brief, and we are therefore without the benefit of the Commonwealth's insights into this matter.

vited the police officers to be those partners. At the point where the officers' complicity in the crime was brought about by the act of the appellants, the appellants violated the criminal solicitation statute." 442 A.2d at 762.

In reaching their holding, the Superior Court relied upon Commonwealth v. Danko, 281 Pa. Super. 97, 421 A.2d 1165 (1980). Unfortunately, Danko is totally devoid of analysis focusing on the issue before us, and merely mentions the difference between "solicitation" of "prostitution" (§902 and §5902) and "solicitation of prostitution" (§5902(a)(2)).

The Wilson court likewise cited In re Appeal 180, 278 Md. 443, 365 A.2d 540 (1976) in support of its holding that the solicitee need not be chargeable with the offense of prostitution in order to sustain a conviction for solicitation of prostitution. To the extent that the Wilson court's reasoning relies upon the persuasive authority of In re Appeal 180, that reasoning is flawed.

The Superior Court has ignored the fact that the Maryland statute[8] prohibits both "prostitution" and "solicitation of prostitution" in a statutory scheme quite similar to Pennsylvania's in §5902(a)(1) and §5902(a)(2).

Furthermore, the Court of Appeals of Maryland held that the term solicitation as used within the separate and distinct crime of solicitation of prostitution is a term of art not identical with common law definitions of solicitation, such as that embodied in 18 Pa.C.S. §902.

Counsel for defendant has argued that Wilson, supra, is "bad law."[9] It is also inconsistent with the

8. Maryland Code (1957) Art. 27, §15(c).
9. Brief for defendant at 18.

holding in Danko, supra, 421 A.2d at 1169, that conduct such as Lundberg's is a violation of the prostitution section itself, §5902(a)(1), not merely the solicitation section, §902. Yet, however flawed its reasoning, Wilson's holding is unequivocal and we are, therefore, bound to follow it.[10] We have neither the authority nor the inclination to do otherwise.

Accordingly, we deem appropriate the following

## ORDER

And now, this August 9, 1985, after careful consideration of the oral arguments of counsel and the briefs submitted, it is hereby ordered and decreed that the motion to quash the indictment or information filed by defendant, Brenda L. Lundberg, be and the same is denied and dismissed.

---

10. Defendant's brief is in error when it asserts at page 21 that the Supreme Court of Pennsylvania has agreed to review Wilson. In fact, the Supreme Court vacated the convictions under §5902, but otherwise affirmed judgments of sentence, thereby implicitly accepting the "complicity" theory of the Superior Court. Commonwealth v. Wilson, 498 Pa. 529, 447 A.2d 1381 (1982). Naturally, no precedential value attaches to the Supreme Court's memorandum review of the Superior Court.