J-S05024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TORREY COUNCIL | : | |
| | : | |
| Appellant | : | No. 1063 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 28, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011682-2010

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 18, 2021**

Torrey Council appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions, after a nonjury trial, of theft by unlawful taking of movable property[1] and receiving stolen property (RSP).[2] After review, we affirm based on the well-reasoned opinion authored by the Honorable Carmella J. Jacquinto.

In her opinion, Judge Jacquinto sets forth the relevant facts and procedural history of the case, which we adopt, as follows:

> Louis Schifreen, the complainant [], owns a residential property located at 1813 Hartel Avenue in Philadelphia that he ha[s] owned since March of 1988. On June 23, 2010, [] Schifreen, who did not reside at the property but let [Council] stay there with the

---

[1] 18 Pa.C.S.A. § 3921(a).

[2] 18 Pa.C.S.A. § 3925(a).

[agreement] that [Council] watch his things, went to the property and noticed that numerous items[,] including various pieces of antique furniture, a mantel clock, a record player and records, two televisions and VCRs[,] and other items[,] were missing. [Council] was the only person [Schifreen] permitted to reside at the property. [Schifreen] ha[d] granted [Council] this permission six or eight months prior to June 23, 2010[.] At the time when [] Schifreen granted [Council] permission to reside [at] the residence, the items [] Schifreen noticed [had since gone] missing were [originally] present inside the residence. [Schifreen] did not give anyone permission to take those items, which he saw previously anywhere from two to six months prior to June 23, 2010.

When [] Schifreen asked [Council] about the missing items, [Council] stated that they had been moved to other locations inside the residence, including the basement. Upon checking the basement, [Schifreen] did not see any of his missing items.

Trial Court Opinion, 7/21/20, at 2 (internal citations omitted).

Following trial on January 28, 2020, Judge Jacquinto sentenced Council to twelve months of probation[3] and ordered him to pay $2,000 in restitution. N.T. Trial, 1/28/20, at 46. On February 7, 2020, Council filed a post-sentence motion. The trial court denied that motion on March 4, 2020, and Council filed a direct appeal to this Court that same day. On May 26, 2020, the trial court ordered Council to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Council complied on May 27, 2020, and the trial court filed its Rule 1925(a) opinion on July 21, 2020. On appeal, Council

---

[3] For purposes of sentencing, the crime of RSP merged into the crime of theft by unlawful taking. *See Commonwealth v. Wilson*, 458 A.2d 244, 245-46 (Pa. Super. 1983).

raises the following issues for our review: whether the trial court committed a reversible error of law

A. . . . by finding Council guilty of theft and receiving stolen property based on insufficient evidence[;]

B. . . . in violation of [Council's] right to due process by finding [Council] guilty of theft and receiving stolen property in the absence of evidence fixing the date of the offenses with reasonable certainty[; and]

C. . . . by finding [Council] guilty of theft and receiving stolen property in contravention to the weight of the evidence presented[.]

Brief of Appellant, at 8-11.

With regard to Council's sufficiency of the evidence claim, we note our well-settled standard of review: we must determine whether the Commonwealth established every element of each crime with which the defendant was charged beyond a reasonable doubt. *Commonwealth v. Swann*, 635 A.2d 1103, 1104 (Pa. Super. 1994). In doing so, we view the evidence in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn therefrom; we will not re-weigh the evidence and substitute our judgment for that of the factfinder. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014). Further, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt through wholly circumstantial evidence. *Commonwealth v*. *Glass*, 200 A.3d 477, 490 (Pa. Super. 2018), citing *Melvin*, *supra* at 39-40. The evidence need not, however, preclude

every possibility of the defendant's innocence. *Id.* The factfinder may resolve any doubts surrounding a defendant's guilt unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances. *Id.*

With respect to Council's due process claim, the Pennsylvania Supreme Court has established that due process requires the prosecution to fix the date the offense was committed with reasonable certainty. *Commonwealth v. Benner*, 147 A.3d 915, 920 (Pa. Super. 2016), citing *Commonwealth v. Devlin*, 333 A.2d 888, 891 (Pa. 1975). However, the court allows the prosecution flexibility in making this determination.

> [t]he pattern of due process is picked out in the facts and circumstances of each case. Due process is not reducible to a mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly[,] the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused.

*Id.* (internal citations omitted).

With regard to Council's weight of the evidence claim, it is well-settled that an appellant must first raise this claim with the trial judge. *See* Pa.R.Crim.P. 607. An appellant must preserve his weight claim in a post-sentence motion, by a written motion before sentencing, or orally prior to or at sentencing. *Id.*; *Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011). Here, Council's weight of the evidence claim was properly

preserved by a written post-sentence motion. **See** Council's Post Sentence

Motion, 2/7/20, at 1.[4]

> When reviewing a weight of the evidence claim,
>
> [a]n appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so [contrary] to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Kim**, 888 A.2d 847, 851 (Pa. Super. 2005) (internal

citations omitted).

Theft by unlawful taking requires that the defendant unlawfully took, or

exercised unlawful control over, another's movable property with the intent to

permanently deprive that person thereof. **See** 18 Pa.C.S.A. § 3921(a). To

prove this offense, the Commonwealth must establish: (1) the unlawful taking

or unlawful control over moveable property; (2) that belongs to another; (3)

with the intent to permanently deprive the lawful owner. **See**

**Commonwealth v. Young**, 35 A.3d 54, 62 (Pa. Super. 2011), citing

---

[4] Council preserved his weight of the evidence claim in his post-sentence motion, where he avers that: "The adjudication of guilt for [t]heft and [RSP] is against the weight of the evidence and shocking to one's sense of justice where the evidence showed that the complainant was dishonest, unbelievable, and inherently not credible in any respect so that no reasonable finder of fact could rely on his testimony." **See id.** (unnecessary capitalization omitted).

***Commonwealth v. Goins***, 867 A.2d 526, 530 (Pa. Super. 2004).[5]  Receiving stolen property is the intentional receipt, retention, or disposal of another's movable property while either knowing or believing it has been stolen, unless the defendant received, retained, or disposed of the property with the intent of restoring it to the owner.[6]  ***See*** 18 Pa.C.S.A. § 3925.

Instantly, Council argues that:  (1) Schifreen merely speculated, and the evidence failed to establish beyond a reasonable doubt, that Council stole Schifreen's property; (2) the Commonwealth failed to prove what property

---

[5] Council argues that the Commonwealth is "[un]able to establish exactly what was taken, who took it, how it was removed from the house, if it all was taken at the same time, or even where the property ended up, the Commonwealth cannot even pinpoint, outside of a six-month window, where the property was taken."  Brief of Appellant, at 10.  Council further avers that there is no evidence in the record establishing the existence of the missing property aside from the testimony of Schifreen, "who was caught red-handed by the police in a U-Haul truck in possession of items he admitted to stealing from [Council]."  ***Id.***

[6] Council also argues that Schifreen's following testimony was too unsound to be the basis for a conviction beyond a reasonable doubt:

> [Schifreen] wasn't sure when he purchased some of the items in question, what exactly was stolen, when exactly the property was stolen, or where it went.  [Schifreen] also testified that, although the alleged year of the commission of the crime was 2010, the movable property at issue had been in the home at issue since before 1994.  [Schifreen] testified to the fact that he had moved out of the house wherein the property was allegedly stolen in 1994.  [Schifreen] also testified that as the years went by[,] he went to that property to check on it and the movable property in it, less and less to the point that he almost never went there.

***Id.*** at 9-11.

- 6 -

Council stole and in what manner he stole it; and (3) the Commonwealth did not establish that Council committed either crime at any fixed point in time with reasonable certainty. Brief of Appellant, at 9-11. Council claims, therefore, that his convictions were against the weight of the evidence, based on insufficient evidence, and in violation of his due process rights. *Id.*

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of Judge Jacquinto, we affirm on the basis of the trial court's opinion. Specifically, we agree with the trial court that there was sufficient evidence to support Council's convictions of theft by unlawful taking and RSP. *See* Trial Court Opinion, 7/21/20, at 5-10 (finding circumstantial evidence overwhelmingly established Council was responsible for theft, because: Council had sole dominion and control over property; no one else, including Schifreen, had access to property during period in question; Council was only other person who knew of, and had access to, stolen items; and Council manifested consciousness of guilt by "falsely claim[ing] that he had moved the missing property to other parts of the house"). *See also Young*, *supra* at 63 (facts sufficient to support elements of theft by unlawful taking also support conviction for RSP). Further, we find no abuse of discretion in the trial court's rejection of Council's weight claim. *See* Trial Court Opinion, 7/21/20, at 3-5 (concluding that verdict did not shock conscience, and court did not commit abuse of discretion, because Schifreen testified truthfully and without hesitation); *see also Commonwealth v.*

*Clay*, 64 A.3d 1049, 1055 (Pa. 2013), quoting **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) ("One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice."). Finally, we agree with the trial court that no violation of Council's due process rights occurred. **See** Trial Court Opinion, **supra** at 10-11 (determining Commonwealth established time period within which crimes occurred with reasonable certainty and that Council was sufficiently informed about when crimes occurred).

We, therefore, rely on Judge Jacquinto's opinion to affirm Council's judgment of sentence. We direct the parties to attach a copy of that decision in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2021

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA    : PHILADELPHIA COURT
                                : OF COMMON PLEAS
                                : CRIMINAL TRIAL DIVISION
                                :
                    v.          : CP-51-CR-0011682-2010
                                :
                                :
                                :
TORREY COUNCIL                  :
                                :                    **FILED**
                                :
                                            JUL 21 2020
                    OPINION
                                         Office of Judicial Records
                                           Appeals/Post Trial

**JACQUINTO, J.**

Torrey Council (hereinafter "Appellant") appeals from the order dated January 28, 2020, imposing judgment of sentence. For the reasons set forth below, it is respectfully suggested that the referenced order be affirmed.

**CASE HISTORY**

On January 28, 2020, Appellant was tried before this Court, sitting without a jury, and at its conclusion was convicted of Theft by Unlawful Taking-Movable Property, 18 Pa.C.S. § 3921, graded as a misdemeanor of the first degree, and Theft-Receiving Stolen Property, 18 Pa.C.S. § 3925, graded as a misdemeanor of the second degree. Immediately following the recording of the verdict, this Court imposed a sentence of twelve months reporting probation that included an order requiring Appellant to pay $2000.00 in restitution. Following the imposition of sentence, Appellant filed a Post-Sentence Motion, which this Court denied on March 4, 2020. Appellant thereafter timely filed a counseled notice of appeal from the judgment of sentence and a court-ordered 1925(b) statement.

1

## FACTUAL RECITATION

Louis Schifreen, the complainant herein, owns a residential property located at 1813 Hartel Avenue in Philadelphia that he had owned since March of 1988. (N.T. 9-10). On June 23, 2010, Mr. Schifreen, who did not reside at the property but let Appellant stay there with the stipulation that Appellant watch his things, went to the property and noticed that numerous items including various pieces of antique furniture, a mantel clock, record player and records, two televisions and VCRs and other items were missing. (N.T. 10-11). Appellant was the only person he permitted to reside at the property. He had granted him this permission six or eight months prior to June 23, 2010, with the stipulation that Appellant watch his property. (N.T. 11-14). At the time when Mr. Schifreen granted Appellant permission to reside inside the residence, the items Mr. Schifreen noticed were missing were present inside the residence. (N.T. 14). He did not give anyone permission to take those items, which he saw previously anywhere from two to six months prior to June 23, 2010. (N.T. 14).[1]

When Mr. Schifreen asked Appellant about the missing items, Appellant stated that they had been moved to other locations inside the residence, including the basement. (N.T. 14-15). Upon checking the basement, he did not see any of his missing items. (N.T. 15).

## DISCUSSION

In his 1925(b) statement, Appellant raised three issues that alleging that the guilty verdicts were against the weight of the evidence, the Commonwealth presented insufficient evidence to preserve his guilt, and that the guilty verdicts deprived him of due process of law. It is the recommendation of this court that each of the claims be deemed to lack merit.

First, Appellant argues that verdicts are against the weight of the evidence because the complainant falsely accused Appellant of the theft of the missing property after Appellant

2

accused him of taking his property. According to Appellant, the complainant's testimony should not have been believed because he is "dishonest, an admitted thief, and inherently not credible...."

In Appellant's attack on the sufficiency of the evidence, he argues that the Commonwealth failed to present evidence showing what items were stolen from Mr. Schifreen, when and how they were taken, and who took them. He adds that the Commonwealth failed to present evidence linking him to any of the elements of the crimes herein. Appellant's reasoning was that the Commonwealth only presented the testimony of the complainant who did not witness the thefts, and admitted that other people had access to the house, and that the locks to the premises were upgraded prior to the thefts because they were deemed to be too weak to prevent a break in.

Last, Appellant asserts that the convictions constitute a violation of his right to due process. In support of this claim, he argues that the Commonwealth did not fix the date or dates the crimes were committed with the reasonable certainty required by the law.

With respect to Appellant's weight of the evidence claim, the standard in reviewing a weight of the evidence claim is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

3

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted); see also Commonwealth v. Sanchez, 36 .3d 24, 27 (Pa. 2011) (stating that "[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be give n another opportunity to prevail." (citation omitted)).

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa. Super. 2007). The trier of fact is free to believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa. Super. 2004).

Applying the foregoing to the instant matter shows that the verdict did not shock the conscience for the reasons proffered by Appellant. During the trial, the complainant candidly admitted that after he discovered his property missing from the residence where he let Appellant reside, he stole a used television from Appellant. (N.T. 34-35, 37). Appellant argues that this admission required this Court sitting as fact finder, to reject his testimony in its entirety because the admission showed the complainant to be "inherently not credible in any respect." Appellant's 1925(b) Statement, Issue 1. This Court disagrees with Appellant's premise because the complainant testified truthfully and without hesitation about his misdeed. Moreover, the remainder of the complainant's testimony rang true including his testimony regarding the

4

missing items, permitting Appellant and only Appellant to reside inside his property, and that Appellant falsely claimed that he had moved the missing property to other parts of the house thereby manifesting consciousness of guilt. Therefore, for the foregoing reasons the verdict does not shock the conscience and it is clear that this Court did not commit an abuse of discretion by denying Appellant's weight of the evidence claim. Accordingly, it is suggested that Appellant be denied relief on his first claim.

With regard to Appellant's sufficiency claim, the following standards apply thereto:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction... does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict... [A]ll of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner.

Commonwealth v. Ratsamy, 934 A.2d 1233, 1235-1236 (Pa. 2007) (emphasis in original).

The Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Commonwealth v. Duncan, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). A reviewing court may not substitute its judgment for that of the fact finder, and where the record contains support for the convictions, they may not be disturbed. Id. Lastly, the finder of fact is free to believe some, all, or none of the evidence presented. Commonwealth v. Hartle, 894 A.2d 800, 804 (Pa. Super. 2006).

"[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009), appeal denied, 3 A.3d 670 (Pa. 2010) (quoting Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008) ). "Such specificity is of particular importance in cases where, as

here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Id. (quoting Williams at 1258 n.9). A sufficiency analysis does not consider the credibility, reliability, or weight of the evidence. Commonwealth v. Bristow, 538 A.2d 1343, 1345-1346 (Pa. Super. 1988). Rather, a sufficiency claim must accept the credibility and reliability of all evidence that supports the verdict. Commonwealth v. Breakiron, 571 A.2d 1035, 1042 (Pa. 1990). As noted, a proper sufficiency challenge accepts all of the Commonwealth's evidence and assesses whether, if believed, it is sufficient to establish the defendant's guilt. Commonwealth v. Reed, 990 A.2d 1158, 1161 (Pa. 2010); Commonwealth v. Laird, 988 A.2d 618, 624-625 (Pa. 2010); Commonwealth v. Segida, 985 A.2d 871, 880 (Pa. 2009).

"A person is guilty of Theft by Unlawful Taking if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). To sustain a conviction for receiving stolen property, the Commonwealth must prove that: 1) the property was stolen; 2) defendant was in possession of the property; and 3) defendant knew or had reason to know that that the property was stolen. 18 Pa.C.S.A. § 3925; Commonwealth v. Matthews, 632 A.2d 570, 572 (Pa. Super. 1993); Commonwealth v. Tillery, 611 A.2d 1245, 1248 (Pa. Super. 1993). The defendant's mental state can be demonstrated entirely through circumstantial-evidence. Commonwealth v. Carson, 592 A.2d 1318, 1321 (Pa.Super. 1991).

Applying the foregoing to the instant matter, it is clear that the Commonwealth proved each element of the two theft convictions beyond a reasonable doubt. First, the evidence showed that Appellant had sole possession of the residence where the items were stored during the period of time when the complainant testified that the items were removed from the house. This

evidence supported an inference that Appellant had sole dominion and control of the property both before and after it had been removed from the premises thereby undermining any claim attacking the sufficiency of the verdicts based on a lack of evidence directly showing who took the stolen items. In addition, the record lacks any evidence that anyone other than Appellant accessed the property during the period of time during which the property was removed from the residence. Although Appellant complains that others had access to the residence, he is mistaken for while there was testimony that members from the Philadelphia Department of Licenses and Inspections may have been present at the residence, there is no evidence of record indicating that any inspector entered the residence. At most, the evidence shows that the Department found violations and not that they entered the premises. See N.T. 28, 29, 35.

In addition, there was no evidence that the complainant, the only other person who had access to the property took the items. The evidence indicates that the complainant was rarely at the property and it did not show that he removed the items he reported stolen or was responsible for their removal from the property.

Similarly, while there was evidence indicating that the locks to the residence were insufficient to meet city codes for rental property, there is no evidence that the existing locks failed or that anyone other than Appellant and the complainant accessed the property.

In a similar case, circumstantial evidence was deemed sufficient to sustain convictions for the crimes of Theft by Unlawful Taking and Theft by Receiving Stolen Property. Commonwealth v. Haines, 442 A.2d 757 (Pa. Super. 1982). In Haines, the evidence included proof that while Haines was in a store, a store employee was absent from main store area for 3 and 5 minutes during which time Haines was alone. When the store owner returned from lunch, he noticed two chainsaws were missing. One of the chainsaws later was discovered being

7

repaired at garage, and that the person who brought it to the repair shop testified that Haines had

an unidentified man sell him the chainsaw. Id.

In sustaining Haines' two Theft convictions, the Superior Court stated:

> While it is true as the trial court noted that there was no
> evidence unquivocally placing the chain saws in the hands of
> defendant, we hold that the Commonwealth, albeit
> circumstantially, sustained its burden to prove beyond a reasonable
> doubt that defendant was guilty of theft. A defendant is guilty of
> 18 Pa.C.S.A. s 3921(a) "if he unlawfully takes, or exercises
> unlawful control over, movable property of another with intent to
> deprive him thereof." We hold that the trial court's verdict was
> premised upon a reasonable inference from the evidence that the
> saws were taken during the hour defendant was in the store and
> from the evidence connecting defendant to the recovered saw.
> Since there was sufficient evidence to convict defendant of theft by
> unlawful taking or disposition, it necessarily follows that the
> evidence was also sufficient to convict him of receiving stolen
> property. Defendant is guilty of receiving stolen property, 18
> Pa.C.S.A. s 3925(a), "if he intentionally receives, retains or
> disposes of movable property of another knowing that it has been
> stolen, or believing that it has probably been stolen."

Haines, 442 A.2d at 759-760.

Here, as in Haines, circumstantial evidence overwhelmingly establishes that Appellant

was the person responsible for the theft of the items. Appellant lived alone in the residence and

obviously had access to them. Given the totality of the circumstances, it is clear that the

Commonwealth presented sufficient evidence to prove circumstantially not only that Appellant

took the items but also that he possessed them thereafter knowing that they had been stolen.

Pursuant to Haines, the fact that no one testified that they specifically observed Appellant take

the items stolen from the residence does not affect the verdicts because the inferences raised by

the evidence were more than sufficient to establish Appellant's guilt beyond a reasonable doubt.

The instant case is also analogous in some ways to Commonwealth v. Robinson, 33 A.3d

89 (Pa. Super. 2011). therein, the Superior Court ruled the evidence sufficient to establish theft

8

because Robinson was the only person with access to a bedroom, in which the victim kept jewelry. Robinson, 33 A.3d at 91, 95. The victim's jewelry boxes were undisturbed before Robinson entered the bedroom, and, after he left, she discovered that the boxes were open and the jewelry was missing. Id.

As in Robinson, Appellant was the only person, other than the complainant, who knew about, and had access to, the stolen items. These facts support the inference that Appellant took the complainant's possessions, Robinson, 33 A.3d at 95, and, in doing so, unlawfully possessed them.

Finally, Appellant manifested consciousness of guilt when he falsely told the complainant that he had relocated the missing property to other places in the residence when he clearly had not done so. In Commonwealth v. Glass, 405 A.2d 1236, 1242 (Pa. 1979), the defendant, charged with murder, provided a statement in which he admitted many facts that placed him at the scene of the crime before and after the victim's stabbing but in the same statement denied any knowledge of how the victim had suffered her fatal injury. The Pennsylvania Supreme Court stated that it was settled law that a denial of guilt by the accused was admissible evidence and held that the defendant's statement was merely "an attempt to exculpate himself by means of an obvious falsehood" that the jury was permitted to consider as consciousness of his guilt. Id. at 1242-43). See also, Commonwealth v. Dollman, 541 A.2d 319, 322 (Pa. 1988) (lying about circumstances after crime showed consciousness of guilt) (lying about circumstances after crime showed consciousness of guilt). Appellant's lie to the complainant added another inference supporting this Court's finding that Appellant stole the complainant's property. Parenthetically, Appellant never reported that items were missing from the property thereby also circumstantially inculpating himself in the commission of the crime.

Accordingly, it is respectfully suggested that the evidence be determined to be sufficient to sustain Appellant's two theft convictions for the reasons stated.

Finally, Appellant's last claim should be determined to lack merit because the Commonwealth established with reasonable certainty the period of time within which the crimes herein occurred. Appellant was well aware of the period of time in which the Commonwealth was alleging that he took the complainant's property, and thus, there was no violation of Appellant's due process rights.

Pursuant to Pa.R.Crim.P. 560(B)(3), the Information signed by the attorney for the Commonwealth is valid and sufficient if it contains:

> the date when the offense is alleged to have been committed if the precise date is known... provided that if the precise date is not known or if the offense charges is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient.

The purpose of advising a defendant of the date of the alleged offense is to provide sufficient notice so he or she can "meet the charges and prepare a defense." Commonwealth v. Brooks, 7 A.3d 852, 858 (Pa.Super. 2010).

> However, "due process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a specific date of an alleged crime. Commonwealth v. Devlin, 460 Pa. 508, 515-516, 333 A.2d 888, 892 (1975). Additionally, "indictments must be read in a common sense manner and are not to be construed in an overly technical sense." Commonwealth v. Einhorn, 911 A.2d 960, 978 (Pa. Super. 2006) (quoting Commonwealth v. Ohle, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983)). Permissible leeway regarding the date provided varies with, inter alia, the nature of the crime and the rights of the accused. Einhorn, 911 A.2d at 978. See Pa.R.Crim.P. 560(B)(3), stating that it shall be sufficient for the Commonwealth to provide in the information, if the precise date of an offense is not known, an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations.

10

Commonwealth v. Koehler, 914 A.2d 427, 436 (Pa. Super. 2006). Case law also establishes "that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." Commonwealth v. G.D.M., Sr., 926 A.2d 984, 990 (Pa. Super. 2007) (quoting Commonwealth v. Groff,548 A.2d 1237, 1242 (Pa. Super.1988)).

In Commonwealth v. Devlin, 333 A.2d 888, 892 (Pa. 1975), "our Supreme Court opted for a balancing approach to resolve conflicting interests of the accused and the victims of crime when it came to the specificity required to be proven as to the time-frame of the alleged crime." Commonwealth v. Fanelli, 547 A.2d 1201, 1204 (Pa. Super. 1988) (en banc).

Here, in addition to advising Appellant of the period of time during which the crimes occurred, Appellant has never set forth how the lack of specificity in the information or complainant's testimony concerning the exact date or dates when the crimes occurred affected his ability to prepare a defense to the charges herein. This is not surprising because throughout the period of time during which the Commonwealth alleged the complainant's property was removed from the residence, Appellant had sole possession and control of the property. He clearly could not deny that he resided in the property or that the property that had been present when he moved in was not inside the residence. Moreover, even had he done so, the period of time the Commonwealth alleged the crime occurred was not so long such that it would have prevented Appellant of investigating possible defenses. Thus, Appellant's rights were not violated because he was sufficiently informed about when the crime occurred, namely during the last month of December of 2009 and the first six months or so of 2010. Therefore, he did not suffer a due process violation and it is suggested that the present issue be deemed lacking in merit.

11

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the order imposing judgment of sentence be affirmed.

BY THE COURT,

Date: 7/21/20

Carmella Jacquinto, J.

## CERTIFICATION OF SERVICE

I, James Molinari, Esquire, Law clerk to the Honorable Carmella Jacquinto hereby certifies that on the ___2 1___ day of ___July___, 2020, by first class mail, postage prepaid, a true and correct copy of the attached opinion was served upon the following:

Lawrence Goode, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA 19107

Derek A. Steenson, Esquire
1500 Walnut Street, Suite 812
Philadelphia, PA 19102

James Molinari, Esquire

13